

**Littler Mendelson P.C.**
900 Third Avenue
New York, NY  10022.3298

Melissa Friedland
212.497.8498 direct
212.583.9600 main
mfriedland@littler.com

July 15, 2021

**VIA ECF**

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

Re: *Mosely v. Highbridge Community Development Corp. et al, 21-cv-05876-PGG*

Dear Judge Gardephe:

We represent Defendants Highbridge Community Development Corporation ("HCDC"), Rodolfo Palacios and Odeh Hasou (collectively "Defendants") in the above-referenced matter. We write pursuant to Your Honor's Individual Practices to respectfully request a pre-motion conference, in advance of Defendants' anticipated Rule 12(b)(6) motion to dismiss the Complaint filed by Plaintiff Davida Mosely.

Plaintiff alleges she was terminated for attempting to exercise her rights under the Families First Coronavirus Response Act ("FFCRA").  In addition, she alleges she was retaliated against pursuant to New York Labor Law ("NYLL") §§ 15, 740 and 741, for exercising such rights.  As set forth below, Plaintiff has failed to state a plausible claim.

### A. Brief Background of Facts

Plaintiff was hired by HCDC as a security guard.  *Complaint,* ¶¶ 1-2, and 18.  On March 13, 2020, Plaintiff's daughter's school closed indefinitely due to the COVID-19 pandemic.  *Id.* at ¶ 23.  According to Plaintiff, she initially requested one-week of paid time off in order to care for her child while she sought alternative childcare and thereafter sought additional leave pursuant to the FFCRA.  *Id.* at ¶¶ 23, 24.   On March 24, 2020, Plaintiff was terminated for abandoning her job. *Id.* at ¶ 26.

Judge Gardephe
July 15, 2021
Page 2

### B. Legal Argument

#### 1. Plaintiff is not a Covered Employee Under the FFCRA

To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added).

Plaintiff does not have a claim under the FFCRA. The FFCRA's paid leave provisions were not effective until April 2, 2020, and only apply to leave taken between April 1, 2020 and December 31, 2020. *Paid Leave Under the FFCRA*, 85 Fed. Reg. 19326, at 19327 (Apr. 6, 2020) (to be codified at 29 C.F.R. pt. 826) (providing that the FFCRA "became operational on April 1, 2020, effective on April 2, 2020, and will expire on December 31, 2020"). Importantly, the FFCRA's requirements are not retroactive. *Id.* at 19341 ("clarif[ying] that employees do not have any right or entitlement to use paid sick leave or expanded family and medical leave retroactively, meaning they have no right or entitlement to be paid through paid sick leave or expanded family and medical leave for any unpaid or partially paid leave taken before April 1, 2020"). Plaintiff allegedly requested leave in March of 2020, which was prior to the effective date of the FFCRA. In addition, her employment was terminated on March 24, 2020, also prior to the effective date of the FFCRA. As such, she is not entitled to bring any FFCRA claims and such claims should be dismissed.

#### 2. Plaintiff's Does Not Have A Viable Claim under New York Labor Law Sections 15, 740 and/or 741

Plaintiff's claim under NYLL §§ 15, 740, 741 must be dismissed.[1] To state a claim for relief under § 740, a plaintiff must allege that the employer took retaliatory personnel action against the

---

[1] It is undisputed that N.Y.L.L. § 15 does not prohibit retaliation by an employer against an employee. *See* N.Y.L.L. § 15 (entitled "Seal," § 15 provides that the New York Labor Commissioner "may adopt a seal of the department and require that it be used for the authentication of orders and proceedings and for such other purpose as he may prescribe").

It is also undisputed that Plaintiff does not have a claim under N.Y.L.L. § 741, which only applies to employers who provide health care services. *See* N.Y.L.L. §741(1)(b) ("'Employer' means any partnership, association, [or] corporation . . . which: (i) provides health care services in a facility licensed pursuant to article twenty-eight or thirty-six of the public health law, (ii) provides health care services within a primary or secondary public or private school or public or private university setting; (iii) operates and provides health care services under the mental hygiene law; or (iv) is registered with the department of education pursuant to section sixty-eight hundred eight of the education law."). HCDC does not fall under this definition of "employer." Accordingly, N.Y.L.L. §741 is wholly inapplicable to HCDC.

Judge Gardephe
July 15, 2021
Page 3

plaintiff because he or she disclosed, threatened to disclose, objected to, or refused to participate in "an employer activity or practice which (1) is in violation of law, rule or regulation, *and* (2) creates a substantial and specific danger to the public health [or safety]." *Desphande v. TJH Medical Services, P.C.*, 52 A.D.3d 648, 650 (2d Dep't 2008) (emphasis supplied) (citing N.Y. Labor Law § 740(2)(a) and *Pipia v. Nassau Cty.*, 34 A.D.3d 664, 665 (2d Dep't 2006) (quoting *Lamagna v. New York State Assn. for Help of Retarded Children*, 158 A.D.2d 588, 589 (2d Dep't 1990)). Further, "[t]he provisions of [§ 740] regarding retaliatory discharge are to be strictly construed." *Cotrone v. Consol. Edison Co. of N.Y., Inc.*, 50 A.D.3d 354, 354 (1st Dep't 2008). The statute "clearly envisions a certain quantum of dangerous activity before its remedies are implicated." *Peace v. KRNH, Inc.*, 12 A.D.3d 914, 915 (3rd Dep't 2004). Moreover, "[t]he violation must be an actual violation, and an employee's good faith, reasonable belief that a violation occurred is insufficient." *Calabro v. Nassau Univ. Med. Ctr.*, 424 F. Supp. 2d 465, 475 (E.D.N.Y. 2006).

Here, Plaintiff's alleged attempt to exercise protected rights did not relate to a violation of a law, rule, or regulation that creates a substantial danger to the public health or safety. Specifically, Plaintiff's Complaint merely recites that "Plaintiff attempted to exercise her rights under the FFCRA the [*sic*] she was unable to work because of a bona fide need to care for a child whose school is closed for reasons related to COVID-19 comply [*sic*]. (Complaint at ¶ 42). Next, Plaintiff alleges: "As a result of her attempt to comply with and exercise her rights under the regulation, Plaintiff was terminated." (*Id.* at ¶ 43). Plaintiff does not allege that she disclosed, threatened to disclose, objected to, or refused to participate in an employer activity or practice that is in violation of a law, rule or regulation, which creates a substantial and specific danger to the public health or safety. Accordingly, Plaintiff's claim must be dismissed as she has not engaged in any protected activity under N.Y.L.L. § 740.

Further, Plaintiff has not alleged an actual violation of the FFCRA because, as explained above, the statute was not operational or effective on the dates that Plaintiff allegedly requested leave under this statute. Plaintiff's "good faith, reasonable belief that a violation [of N.Y.L.L. § 740] occurred is insufficient." *Calabro*, 424 F. Supp. 2d at 475. Accordingly, Plaintiff's claims must be dismissed because no actual violation of a law, which creates a substantial and specific danger to the public health or safety, occurred.

Finally, Plaintiff does not have a claim under N.Y.L.L. § 740 because New York's Whistleblower Act "does not extend its protections to those who complain of *any* unlawful conduct by the employer." *Collette v. St. Luke's Roosevelt Hosp.*, 132 F. Supp. 2d 256, 268 (S.D.N.Y. 2001). Instead, the violation must "create[] a substantial and specific danger to the public health or

Judge Gardephe
July 15, 2021
Page 4

safety." N.Y.L.L. § 740(2)(a); *see also Peace*, 12 A.D.3d at 915 (requiring "a certain quantum of dangerous activity before [§ 740's] remedies are implicated"). Courts routinely dismiss actions where the unlawful conduct complained of does not create a substantial and specific danger to the public health or safety. *See e.g., Schultz v North American Ins. Group*, 34 F. Supp. 2d 866 (W.D.N.Y. 1999) ("Financial improprieties [] do not constitute threats to public health or safety."); *Remba v. Federation Employment & Guidance Serv.*, 149 A.D.2d 131, 133 (1st Dep't 1989), *aff'd*, 559 N.E.2d 655 (1990) (providing that § 740 does not apply to objections to or disclosures of "improper economic activity"); *Barber v. Von Roll U.S.A., Inc.*, No. 1:14-CV-907 (MAD/TWD), (N.D.N.Y. Aug. 25, 2015), 2015 U.S. Dist. LEXIS 112198, at *38-39 (concluding that allegations that a fellow employee made verbal threats to coworkers and displayed inappropriate images and gun ammunition on his desk "simply did not rise to the level of danger to public health and safety required by the statute").

Thus, Plaintiff's claims must be dismissed because even if Defendants violated the FFCRA—which it indisputably did not—a violation of this statute does not create a danger to the public health or safety.

Based on the above reasons, Defendants respectfully request a pre-motion conference to discuss their intention to file a motion to dismiss.

Respectfully Submitted,

*Melissa Friedland*

Melissa Friedland
Special Counsel