UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DAVIDA MOSLEY,                                              CASE NO. 21-CV-05876-PGG

                Plaintiff,                       **AMENDED COMPLAINT**

  - against -

HIGHBRIDGE COMMUNITY DEVELOPMENT
CORPORATION, RUDOLPH PALETI,
ODEH HASOU,

                Defendants.
-----------------------------------------------------------X

Plaintiff DAVIDA MOSLEY, by her attorneys, Gerstman Schwartz LLP., as and for her Verified Complaint against Defendants, states as follows:

## THE PARTIES

1. At all times relevant hereunder, upon information and belief, Plaintiff DAVIDA MOSLEY (hereinafter "Plaintiff" or "Ms. Mosley") was employed by Defendant Highbridge Community Development Corporation (hereinafter "Defendant" or "HCDC"). Plaintiff is an individual residing at 1009 Summit Avenue, Bronx, NY 10452-5003. At all relevant times, Plaintiff met the definition of an "employee" and/or "eligible employee" under all applicable statutes.

2. Upon information and belief, HCDC was and still is a real estate development and property management company. The HCDC headquarters is located at 1465 Nelson Avenue, Bronx, New York 10452.

3. At all times hereinafter mentioned, Defendant Rudolph Paleti (hereinafter "Mr. Paleti") was and still is an individual whose addresses are unknown, but believed to be a resident of the State of New York.

4. At all times hereinafter mentioned, Defendant Odeh Hasou (hereinafter "Mr. Hasou") was and still is an individual whose addresses are unknown, but believed to be a resident of the State of New York.

5. Defendant Mr. Paleti, Mr. Hasou and Defendant HCDC are hereinafter collectively referred to as "Defendants."

6. Upon information and belief, at all times hereinafter mentioned, Mr. Paleti was and still is employed by the HCDC. At all times relevant herein, he was acting in the capacity of agents, servants and employees of HCDC.

7. That at all times relevant hereto, Mr. Paleti was Plaintiff's supervisor and had supervisory authority over Plaintiff Ms. Mosley, with authority to hire, fire or affect the terms and conditions of Plaintiff's employment.

8. Upon information and belief, at all times hereinafter mentioned, Mr. Paleti was working and acting within the scope of his employment and under the direction of HCDC.

9. That on and prior to all dates and times hereinafter mentioned, Mr. Paleti was hired, screened, tested, interviewed, trained, investigated, monitored and supervised by HCDC.

10. Upon information and belief, at all times hereinafter mentioned, Mr. Hasou was and still is employed by the HCDC. At all times relevant herein, he was acting in the capacity of agents, servants and employees of HCDC.

11. That all times relevant hereto, Mr. Hasou was Plaintiff's supervisor and had supervisory authority over Plaintiff Ms. Mosley, with authority to hire, fire or affect the terms and conditions of Plaintiff's employment.

12. Upon information and belief, at all times hereinafter mentioned, Mr. Hasou was working and acting within the scope of his employment and under the direction of HCDC.

13. That on and prior to all dates hereinafter mentioned, Mr. Hasou was hired, screened, tested, interviewed, trained, investigated, monitored and supervised by HCDC.

14. At all times hereinafter mentioned, HCDC was liable for the acts of both Mr. Paleti and Mr. Hasou under the doctrine of *Respondeat Superior*.

## JURISDICTION AND VENUE

15. This Court has original subject matter jurisdiction over the Family and Medical Leave Act Claims under 29 U.S.C. § 2611(4)(A), and because they arise under the laws of the United States and are brought to recover damages for violations of civil rights.

16. This Court has supplemental subject matter jurisdiction over the State and City claims under 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

17. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(c) and 42 U.S.C. § 2000e-5(f)(3) because the Defendants conduct business and can be found in this district; a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this district; the alleged unlawful employment practices were committed here, the employment records relevant to that practice are maintained and administered here, and because Plaintiff resides in this district.

## FACTUAL ALLEGATIONS

18. HCDC hired Plaintiff on or about September 2002 as a security guard.

19. From the moment Ms. Mosely started working for HCDC, she displayed an exemplary performance.

20. Ms. Mosley's record remained unblemished during her *18 years* of service with HCDC until April 30, 2019, at which time she was unlawfully suspended for one week without pay and without proper cause by one of Ms. Mosley's direct supervisors and the manager of Human Resources, Mr. Paleti.

21. Mr. Paleti fabricated a false and pretextual basis for suspending Ms. Mosley, which was predicated on his, as well as Defendants', racial animus. Consequently, Ms. Mosley filed a Union grievance against Mr. Paleti on May 1, 2019, and served the full five-day suspension imposed on her by HCDC.

22. Following Ms. Mosley's complaint against Mr. Paleti, he began retaliating against Ms. Mosley and repeatedly yelled at and insulted her, and even expressed violent outbursts toward her including slamming a door in her face. Often referring to Ms. Mosley, who is African American, as "you people." Ms. Mosley filed another Union grievance on May 17, 2019, against Mr. Paleti for harassment including racial harassment.

23. From March 13, 2020 through March 15, 2020, Ms. Mosley reached out to Mr. Paleti and Mr. Hasou by email regarding her new schedule, and requested FMLA forms to continue to care for her sick daughter, who had an underlying heart condition and which HCDC has known about since 2002.

24. Ms. Mosley completed the requisite FMLA paperwork, which was not only categorically rejected by Mr. Paleti, but resulted in Ms. Mosley's unlawful termination on March 24, 2020. Indeed, although Defendants allege that Ms. Mosley "abandoned" her position, this allegation is unequivocally refuted by Ms. Mosley's direct communications during the time period alleged; namely, February 25, 2020 to March 24, 2020.

25. Simply stated, Ms. Mosley's termination was unlawful as she was penalized for attempting to exercise her rights under New York State and Federal law.

26. As a result of the acts and conduct complained herein, Plaintiff has suffered inconvenience, loss of wages and other non-pecuniary losses.

**FIRST CAUSE OF ACTION**
**Violation of the Family and Medical Leave Act**
**(As Against All Defendants)**

1. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as though fully set forth herein.

2. Defendants were and are a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A). At all times herein relevant, Plaintiff was an eligible employee for FMLA leave for a serious health condition under 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(A), (D).

3. Defendants effectively denied Ms. Mosely's request insofar as Defendant never responded to Ms. Mosley.

4. Defendant terminated Ms. Mosley eleven days after Ms. Mosley requested the aforementioned one-week of time off.

5. Defendants terminated Ms. Mosley, an African American single mother, after 18-years of dedicated service because she requested and took leave in order to care for her daughter who suffers from a heart condition.

6. As a direct and proximate result of these Defendants' conduct, Plaintiff has suffered damages of lost wages or salary under 29 U.S.C. § 2617(a)(1)(A)(i). Plaintiff is also entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) as Defendants did not act in good faith and had no reasonable grounds for believing they were not violating the FMLA. Plaintiff

is entitled to appropriate equitable relief, including employment, reinstatement and promotion under 29 U.S.C. § 2617(a)(1)(B).

7. As such, Defendant has violated the FMLA

8. Finally, Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(1)(A)(3).

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Retaliation in Violation of New York Whistleblower Law)**

9. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "38" as if set forth more fully and at length herein.

10. Section 15 of the New York State Labor Law makes it illegal for employers to discharge, penalize, or in any manner discriminate or retaliate against an employee.

11. N.Y.L.L. § 740, 741 prohibit an employer from taking any retaliatory personnel action against an employee because such employee objects to, or refuses to participate in any activity, policy or practice in violation of a law, rule, or regulation.

12. Plaintiff attempted to exercise her rights given to her under FMLA because she was unable to work because of a bona fide need to care for a child who suffers from an underlying heart condition. In response, Plaintiff was subjected to mistreatment and ultimately termination.

13. As a result of her attempt to comply with and exercise her rights under the regulation, Plaintiff was terminated.

14. Refusal to explain why Defendant terminated Plaintiff, along with the proximity to her exercise of her rights under the FMLA demonstrate that it was a retaliation by Defendants against Plaintiff for her attempt to adhere to and exercise her legal rights.

15. Defendants' actions were taken under circumstances giving rise to an inference of retaliation against Plaintiff.

16. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered and will continue to suffer the loss of income the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

17. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages against Defendants together with attorney's fees, costs and disbursements.

## AS AND FOR A THIRD CAUSE OF ACTION

### Under The New York City Administrative Code: Discrimination

18. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as though fully set forth herein.

19. The New York City Administrative Code § 8-107(1) provides that:

It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, **race**, creed, **color, national origin**, gender, **disability**, marital status. . . of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment. (emphasis added).

20. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by discriminating against Plaintiff because of her race, color, national origin, and disability.

21. Defendants violated the section cited herein as set forth above.

22. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered adverse employment consequences. Plaintiff was caused to suffer lost past and future

7

wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma and anxiety, all to their detriment. Their workplace became intolerable to a reasonable person.

## AS AND FOR A FOURTH CAUSE OF ACTION

### Under New York State Human Rights Law: Discrimination

23. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as though fully set forth herein.

24. Executive Law § 296 provides that:

It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, **race**, creed, **color**, **national origin**, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

25. As described above, Defendants discriminated against Plaintiff on the basis of her race, color, national origin, and disability in violation of NYSHRL.

## PRAYER FOR RELIEF

3. WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief against the Defendants:

2. Enter declaratory judgment, stating that Defendants' practices, policies and procedures subjected Plaintiff to violation of FMLA, Section 740 of the New York Labor Law. Declaring that Defendant engaged in unlawful employment practices prohibited by the New York State Human Rights Law, and the New York City Administrative Code in that

Defendant discriminated and retaliated against Plaintiff on the basis of her race, color, national origin, disability, and need for a reasonable accommodation;

3. On all the foregoing Causes of Action, enter judgment against the named Defendants and an award of compensatory damages for back pay, front pay, past and future employment benefits, damages for emotional distress, punitive and/or exemplary damages, attorneys' fees, pre and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, to be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: Garden City, New York,
      August 17, 2021

**GERSTMAN SCHWARTZ, LLP**
By: */s/ Randy E. Kleinman*
    Randy E. Kleinman, Esq.
    1399 Franklin Avenue, Suite 200
    Garden City, New York 11530
    Tel. No.: (516) 880 – 8170
    Rkleinman@GerstmanSchwartz.com
    *Attorneys for Plaintiff*