

**Littler Mendelson P.C.**
900 Third Avenue
New York, NY 10022.3298


Melissa Friedland
212.497.8498 direct
212.583.9600 main
mfriedland@littler.com

September 15, 2021

**VIA ECF**

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

Re: *Mosley v. Highbridge Community Development Corp. et al, 21-cv-05876-PGG*

Dear Judge Gardephe:

We represent Defendants Highbridge Community Development Corporation ("HCDC"), Rodolfo Palacios ("Mr. Palacios"), improperly named in the Amended Complaint as Rudolph Paleti and Odeh Hasou ("Mr. Hasou") (collectively "Defendants") in the above-referenced matter.

On July 15, 2021, pursuant to Your Honor's Individual Practices, Defendants respectfully requested a pre-motion conference, in advance of Defendants' anticipated Rule 12(b)(6) motion to dismiss the Complaint filed by Plaintiff Davida Mosely ("July 15, 2021 Letter"). In response, Plaintiff requested time to amend her complaint, which your Honor granted on July 28, 2021. On August 17, 2021, Plaintiff filed her Amended Complaint.

Defendants, once again, write to respectfully request a pre-motion conference, in advance of Defendants' anticipated Rule 12(b)(6) motion to dismiss Plaintiff's Amended Complaint.[1]

In her Amended Complaint, Plaintiff now alleges Defendants violated the Family and Medical Leave Act ("FMLA"), the New York City Administrative Code ("NYCHRL") and the New York State Human

---

[1] Prior to filing this letter, undersigned counsel reached out to Plaintiff's counsel to discuss the deficiencies of the Amended Answer and advise of the inaccurate assertions in order to avoid prolonged motion practice. In addition, undersigned counsel advised Plaintiff's counsel, we would be seeking costs for making such motion, as the claims are frivolous and lack merit.

Rights Law ("NYSHRL"). In addition, she continues to allege she was retaliated against pursuant to New York Labor Law ("NYLL") §§ 15, 740 and 741, for exercising her FMLA rights. As set forth below, Plaintiff's Amended Complaint continues to fail to state a plausible claim under any of these causes of action.

**A. Legal Argument**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint that fails to state a plausible claim upon which relief can be granted. A complaint is inadequately pleaded "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

Here, Plaintiff fails to state plausible claims against HCDC as well and the two Individual Defendants, under the FMLA, the NYCHRL, the NYSHRL, and the NYLL.

First, with respect to her first cause of action under the FMLA, Plaintiff does not effectively plead a cause of action under the FMLA. In fact, all she does is state that Defendants violated the FMLA, by utilizing conclusory statements, with no factual support. It is unclear what she is in fact asserting and Defendants are not required to guess in order to defend a litigation.

Second, as set forth in Defendants' July 15, 2021 Letter, Plaintiff does not have a viable claim under NYLL Sections 15, 740 and/or 741. To state a claim for relief under § 740, a plaintiff must allege that the employer took retaliatory personnel action against the plaintiff because he or she disclosed, threatened to disclose, objected to, or refused to participate in "an employer activity or practice which (1) is in violation of law, rule or regulation, *and* (2) creates a substantial and specific danger to the public health [or safety]." *Desphande v. TJH Medical Services, P.C.*, 52 A.D.3d 648, 650 (2d Dep't 2008) (emphasis supplied) (citing N.Y. Labor Law § 740(2)(a) and *Pipia v. Nassau Cty.*, 34 A.D.3d 664, 665 (2d Dep't 2006) (quoting *Lamagna v. New York State Assn. for Help of Retarded Children*, 158 A.D.2d 588, 589 (2d Dep't 1990)). Further, "[t]he provisions of [§ 740] regarding retaliatory discharge are to be strictly construed." *Cotrone v. Consol. Edison Co. of N.Y., Inc.*, 50 A.D.3d 354, 354 (1st Dep't 2008). The statute "clearly envisions a certain quantum of dangerous activity before its remedies are implicated." *Peace v. KRNH, Inc.*, 12 A.D.3d 914, 915 (3rd Dep't 2004). Here, Plaintiff's alleged attempt to exercise protected rights did not relate to a violation of a law, rule, or regulation that creates a substantial danger to the public health or safety. Accordingly, this claim should be dismissed.

Finally, Plaintiff's claims under the NYSHRL and NYCHRL are equally deficient. Plaintiff fails to allege any facts that would state a claim for discriminatory termination based on her race, against HCDC, as well as the Individual Defendants. "[W]hile a discrimination complaint need not allege facts establishing each element of a *prima facie* case of discrimination to survive a motion to dismiss, it must, at a minimum, assert non-conclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *EEOC v. Port Auth. of N.Y. & N.J.,* 768 F.3d 247, 254 (2d Cir. 2013) (internal citations, alterations, and quotations omitted). Specifically, "absent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). Plaintiff does not allege that any comments were made regarding her race or that she was treated differently than a similarly situated employee outside her protected class. In fact, it is unclear, what she is even asserting at all, as her Amended Complaint lacks any specificity or facts.

Moreover, the Amended Complaint is devoid of specific factual allegations showing that the Individual Defendants engaged in any plausible specific discriminatory or retaliatory action on the basis of Plaintiff's race or request for FMLA leave. For example, Plaintiff's only factual allegations against Mr. Hasou is that she reached out to him by email regarding her new schedule and requested FMLA forms to continue to care for her sick daughter, who had an underlying heart condition. Plaintiff does not allege that Mr. Hasou made any racial comments, or that there were any non-African American comparators that were treated differently than she was, nor does she allege that he had anything to do with her termination. *Askin v. Dep't of Educ. of N.Y.*, 110 A.D.3d 621, 622 (N.Y. App. Div. 2013) ("Although plaintiff asserts that defendants' actions were motivated by age-related bias, she does not make any concrete factual allegation in support of that claim, other than that she was 54 years old and was treated adversely under the state law or less well under the NYCHRL). As for Mr. Palacios, the manager of Human Resources and not Plaintiff's supervisor, Plaintiff merely states that he "began retaliating against" her, and only provides blanket assertions such as that he "repeatedly yelled at and insulted her, and even expressed violent outbursts toward her including slamming a door in her face." However, other than Mr. Palacios allegedly referring to her as "you people", she does not provide any racial discriminatory comments, or support for her discrimination claims. As a result, Plaintiff's claims against the Individual Defendants should be dismissed.

Based on the above reasons, Defendants respectfully request a pre-motion conference to discuss their intention to file a motion to dismiss and seeks costs associated with the filing of such motion.

Respectfully Submitted,

*Melissa Friedland*

Melissa Friedland
Special Counsel

4818-3865-7016.1 / 112587-1000