

September 20, 2021

**VIA ECF**

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

Re: *Mosely v. Highbridge Community Development Corp. et al, 21-cv-05876-PGG*

Dear Judge Gardephe:

This firm represents Plaintiff Davida Mosely ("Ms. Mosely") in the above-referenced matter. We write in opposition to the letter motion filed by Defendants Highbridge Community Development Corporation ("HCDC"), Rodolfo Palacios, and Odeh Hasou (collectively, "Defendants"). *See* ECF Doc. 10. The Letter requests a pre-motion conference seeking leave to file a motion to dismiss all causes of action against Defendants, pursuant to Rule 12(b)(6).

Under FRCP 12(b)(6) and 8(a), Plaintiffs need only provide "a short and plain statement that the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds upon which its rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the Plaintiffs must show at the pleading stage that success on the merits is more than a "sheer possibility," they need not demonstrate a "probability" of success. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In fact, "detailed factual allegations" are not required. *Twombly*, 550 U.S. at 545. All that is required is "facial plausibility"—that is, "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Dismissal under Fed. R. Civ. P. 12(b)(6) is reserved for the unusual instances where there is "some insuperable bar to relief." See *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). In this case, as fully described below, there is no such "insuperable bar."

**Plaintiffs' Claims Pursuant to FMLA, the NYCHRL, the NYSHRL, and the NYLL**

**Plaintiff's FMLA Claim Has a Factual Basis:** Plaintiffs' burden at this juncture is simple: in reviewing a motion to dismiss, courts "constru[e] the complaint liberally, accept[] all factual allegations in the complaint as true, and draw[] all reasonable interferences in the plaintiff's favor." *Gurbey v. Cowan, Liebowitz & Latman, P.C.*, 462 Fed. Appx. 26, 30 (2d Cir. 2012).

Here, Plaintiff alleges that she asked for, and was denied, leave to render care to her daughter who suffers from a debilitating heart condition. *See* Amended Complaint ¶23. In fact,



Plaintiff completed a FMLA request form and emailed it to Defendant, who subsequently denied it and terminated Plaintiff less than two weeks after the request. Defendant HCDC has been aware of aware of Plaintiff's daughter's heart condition since Plaintiff's hire in 2002. *Id* at ¶23.

While Defendant claims that the Amended Complaint fails to include factual support for the claim, at the pre-discovery phase of this case, Plaintiff need only provide enough facts for the Court to "draw[] all reasonable inferences." In the 18 years that Plaintiff worked for HCDC, she had an immaculate record until a recent suspension that was very clearly based on racial animus. Plaintiff therein properly grieved this improper suspension, and, after this brief suspension, resumed her duties without incident until the abrupt and unlawful termination. The only current action pending at the time of Plaintiff's termination was her denied request for one week off, which she was unequivocally eligible for under 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(A),(D). A court can reasonably draw the conclusion that Plaintiff's request and denial within two weeks of her termination was based on her unlawful termination.

**Plaintiff's NYLL Claim:** To state a claim for relief under § 740, a plaintiff must allege that the employer took retaliatory personnel action against the plaintiff because he or she disclosed, threatened to disclose, objected to, or refused to participate in "an employer activity or practice which (1) is in violation of law, rule or regulation, *and* (2) creates a substantial and specific danger to the public health [or safety]." *Desphande v. TJH Medical Services, P.C.*, 52 A.D.3d 648, 650 (2d Dep't 2008) (emphasis supplied) (citing N.Y. Labor Law § 740(2)(a) and *Pipia v. Nassau Cty.*, 34 A.D.3d 664, 665 (2d Dep't 2006) (quoting *Lamagna v. New York State Assn. for Help of Retarded Children*, 158 A.D.2d 588, 589 (2d Dep't 1990)).

Here, Plaintiff, an African American and single mother, attempted to exercise the rights afforded to her under FMLA as she was unable to work due to of a bona fide need to care for her daughter, who suffers from an underlying heart condition. In response, Plaintiff was subjected to discrimination, retaliation, and ultimately termination. Simply stated, as a result of Plaintiff's attempt to comply with and exercise her rights under the regulation, she was terminated. Defendant's patent refusal to provide Plaintiff with a lawful reason for her termination, along with the close proximity of her exercising of her rights under the FMLA, demonstrate that Defendant's conduct was retaliatory and as a direct result of Plaintiff (an employee of Defendant for 17 years) having exercised her legal rights. Any reason Defendants might proffer at this juncture is clearly pretextual. Defendants' actions were taken under circumstances giving rise to an inference of retaliation against Plaintiff. Given the liberal pleading standard and early stage of this litigation, a dismissal would be inequitable and premature.

**Plaintiff's NYSHRL and NYCHRL Claims:** At the motion to dismiss stage, "[f]or employment discrimination claims under . . . the NYSHRL, a plaintiff must 'plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision.'" *Farmer v. Shake Shack Enters.*, 473 F.



Supp. 3d 309, 323 (S.D.N.Y. 2020) (quoting *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107 n.7 (2d Cir. 2019)).

"While a plaintiff must ultimately prove that a defendant acted with discriminatory intent, at the initial stage of the litigation, 'the plaintiff does not need substantial evidence" of such discriminatory intent.'" *Hill v., City of New York*, 136 F. Supp.3d 304, 335 (E.D.N.Y. 2015) (citing *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). Plaintiffs need only "sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation[.]." *Littlejohn*, 795 F.3d at 312. (emphasis in original); *see also Tolbert v. Smith*, 790 F.3d 427, 438 (2d Cir. 2015) (noting that direct "smoking gun" evidence of discriminatory motive is often lacking) (internal citations omitted); *Whitehurst v. 230 Fifth, Inc.*, 998 F. Supp. 2d 233, 245 (S.D.N.Y. 2014) ("A victim of discrimination is . . . seldom able to prove his or her claim by direct evidence and is usually constrained to rely on the cumulative weight of circumstantial evidence.")

While Defendants attempt to glaze over their employees', Defendant Palacios, used of the term "You people" while referring to Plaintiff, Defendants do not deny that this comment, among other racially motivated comments, were made. Defendants do, however, ignore the categorically pejorative connotation the phrase "you people" has in the African American community, particularly under the circumstances when Plaintiff (an African American, single mother) is alleging that Defendant acted with racial animus in suspending and ultimately terminating her employment.

Indeed, Forbes recently included the phrase "You people" in their list of forms of racial microaggression in the workplace.[1] This is nothing new, and Defendants certainly know better, as former presidential candidate, Ross Perot, suffered severe backlash from the NAACP for using the highly offensive and racist phrase "You people" during a presidential campaign speech.[2] Moreover, courts have routinely held that juries can reasonably interpret the term You people" or "Your Kind" as having a racially pejorative meaning. *See Hill v. City of N.Y.*, 136 F. Supp. 3d. 304, 337 (E.D.N.Y. 2015) (denying the defendant's motion to dismiss racial discrimination claims where the plaintiff was referred to as "You people" by the defendant); *see also Wooten v. Reconstruction Home, Inc.*, 2005 WL 1502149, at *11 (N.D.N.Y. June 24, 2005) (quoting *Griffin v. Ambika Corp.*, 103 F. Supp. 2d 297, 314 (S.D.N.Y.2000)) (internal citations omitted) ("phrases such as 'you people' . . . 'could just as easily be interpreted as [having] a negative racial connotation[,]" particularly when Plaintiffs "provide 'greater specificity as to the context of [such phrases'] usage.'"); *Winston v. Verizon Servs. Corp.*, 633 F. Supp. 2d 42, 53 (S.D.N.Y. 2009) (in the context of a summary judgment motion, finding that statements such as, "you people cannot do anything right", permit a reasonable jury to find discriminatory motivation); *Wooten*, 2005 U.S.

---

[1] https://www.forbes.com/sites/stephaniesarkis/2020/06/15/lets-talk-about-racial-microaggressions-in-the-workplace/?sh=260ad9515d28.
[2] https://archive.seattletimes.com/archive/?date=19920712&slug=1501684.



Dist. LEXIS 44738, 2005 WL 1502149, at *11 (concluding that use of "you people," combined with evidence of discriminatory treatment that began only after the defendant discovered that the plaintiff was African—American, could provide a partial basis for drawing an inference of discrimination). Accordingly, here, where it is undisputed that Defendants' employee referred to Plaintiff as "you people" and Plaintiff alleges that Defendants' termination was racially motivated, Plaintiff's racial discrimination claims must survive.

Further, Plaintiff's erroneous suspension in 2019, as well as her contemporaneous union grievances, demonstrate multiple instances in which Plaintiff faced, and accused the Defendants of, race-based discrimination and harassment. *See* Amended Complaint ¶¶ 21-22. Defendants retaliated against Plaintiff for filing these grievances in a multitude of ways including, but not limited to, suspending her, denying her access to paid time off, cutting her hours, and changing her work schedule in violation of the law.

In sum, Defendants' request is premature and should be denied in its entirety.

Respectfully Submitted,

/s/ Randy E. Kleinman

cc: All counsel of record (via ECF).